# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH CLARENCE EASTMAN,<br><br>Plaintiff,<br><br>v.<br><br>TUOLUMNE COUNTY JAIL, et al.,<br><br>Defendants. | Case No. 1:20-cv-1303-BAM (PC)<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT<br><br>ORDER GRANTING REQUEST FOR A COPY OF THE COMPLAINT<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Joseph Clarence Eastman ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Plaintiff's complaint, filed on September 14, 2020, is currently before the Court for screening. (ECF No. 1.)

**I.      Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the

1  pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

2  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

3  conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

4  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken

5  as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores,

6  Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

7        To survive screening, Plaintiff's claims must be facially plausible, which requires

8  sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable

9  for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S.

10  Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted

11  unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the

12  plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

13      **II.**    **Plaintiff's Allegations**

14        Plaintiff is currently housed at Tuolumne County Jail in Sonora, California where the

15  events in the complaint allegedly arose.  Plaintiff names the following defendants: (1) Tuolumne

16  County Jail; (2) Dr. Sun, medical doctor; and (3) Dr. B, unnamed psychiatric doctor.

17        Plaintiff alleges that the Tuolumne County Jail custody staff denied Plaintiff's right to a

18  second opinion and refused his right to adequate medical care and rushing his recovery after

19  surgery.  Plaintiff alleges Dr. Sun neglected proper medical care.

20        Plaintiff alleges he has P.T.S.D., anxiety and night errors.  The psychiatrist, Dr. B., video

21  chatted with Plaintiff.  He prescribed "prazosin" or "mini press" for night terrors.  He did not

22  counsel Plaintiff regarding any of the side effects.  On June 23, 2020, Plaintiff woke up to pain in

23  his penis and had an erection.  This was one of many, but this one lasted longer than 12 hours.

24  Plaintiff put in medical requests and when he saw the nurses, they said Plaintiff had to wait for

25  the doctor to arrive as he had limited hours. When Plaintiff saw the doctor, he said the erection

26  would go down.  Plaintiff asked if it was due to the medication or Plaintiff's prostrate.  Doctor did

27  tests on Plaintiff's prostrate, which turned out fine.

28        Plaintiff saw nurse Debbie who recommended that Plaintiff go to the E.R. at Adventist

1  Health.  Plaintiff went to the hospital.  He was put in a dirty holding cell with a camera on him to
2  make sure he was not touching himself to keep the erection.  Plaintiff was in the holding cell for
3  2.5 hours, which was 44.5 hours with an erection.  He was transported to the E.R. by a deputy and
4  at the hospital, the staff was helpful.  The M.D. at the ER said it was because of the "mini press"
5  medication.  Plaintiff was told that they had to drain some of blood in the penis with a syringe.
6  They tried 2 times without success.

7  Plaintiff was transported to San Jose Regional Medical Center for surgery.  The surgeon,
8  James Hwong, M.D. told Plaintiff that he would most likely never get an erection again naturally.
9  Surgery was performed – debridement and repair and penile shunt – for a total of 53 hours erect,
10 with damage to the tissue in his penis.

11 Plaintiff was transported back to jail, immediately after waking from anesthesia, and
12 placed in a dirty single cell.  Medical staff at the jail examined him and when Plaintiff returned to
13 his single cell, he was bleeding from his penis.

14 A deputy saw the blood and escorted Plaintiff to medical, then to the ER at Adventist
15 Health. The suture had come apart and the M.D. at the ER repaired the suture.  Plaintiff was
16 transported back to jail.  The bandages were changed, but were stopped and when Plaintiff
17 continued to bleed, the bandages were put back on.

18 The surgeon had said that Plaintiff was to return for follow up 24-48 hours after surgery,
19 but it was not until 3-4 weeks for the jail to take Plaintiff back for his follow up.  Plaintiff has
20 been told that he suffers from erectile dysfunction for life.  He as a scar and pain in his penis.
21 Plaintiff alleges he is 37 years old and will have a lifetime of pain and suffering and requests
22 compensatory damages.

23 Plaintiff asks for a copy of his complaint because the jail will not make copies for him.

24 **III.    Discussion**

25 Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to
26 state a cognizable claim under 42 U.S.C. § 1983.  In an abundance of caution, and because he is
27 proceeding pro se, Plaintiff will be granted leave to amend his complaint to the extent that he can
28 do so in good faith.  To assist Plaintiff, the Court provides the pleading and legal standards that

appear relevant to his claims.

### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

Although Plaintiff's complaint is short, it is not a plain statement of his claims. As a basic matter, the complaint does not clearly state what happened, when it happened or who was involved. It is unclear which doctor he is referring to at various times in the complaint and which doctor Plaintiff contends violated his constitutional rights. It is unclear if he is trying to name individual jail staff or medical personnel at the hospital  If Plaintiff files an amended complaint, it should be a short and plain statement of his claims, and must include factual allegations identifying what happened, when it happened and who was involved. Fed. R. Civ. P. 8.

### B. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ...subjects, or causes to be subjected, any citizen of the United States...to the deprivation of any rights, privileges, or immunities secured by the Constitution...shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's

4

affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's complaint fails to adequately link the defendants to alleged constitutional violation. The court cannot determine which of the doctors is Dr. Sun and which doctors allegedly violated his constitutional rights. Further, to the extent Plaintiff is attempting to name individual jail staff, he must list the individuals as defendants and include allegations of how each person violated Plaintiff's constitutional rights.

**C. Tuolumne County Jail**

Defendant names Tuolumne County Jail as a defendant.

Under section 1983 a local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. Monell v. Department of Social Services, 436 U.S. 658, 691 (1978). Rather, a local government unit may only be held liable if it inflicts the injury complained of through a policy or custom. Waggy v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir. 2010).

To state a claim, "[i]t is not sufficient for a plaintiff to identify a custom or policy, attributable to the municipality, that caused his injury. A plaintiff must also demonstrate that the custom or policy was adhered to with 'deliberate indifference' " to his constitutional rights. Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1076 (9th Cir. 2016), cert. denied sub nom., Los Angeles Cty., Cal. v. Castro, 137 S. Ct. 831 (2017). The deliberate indifference standard is satisfied where a plaintiff alleges facts available to the municipality's policymakers that "put them on actual or constructive notice that the particular omission is substantially certain to result in the violation of the constitutional rights of their citizens." Castro, 833 F.3d at 1076.

Here, Plaintiff has not linked any alleged violation of his rights to a policy or practice attributable to the Tuolumne County Jail, nor has he provided facts to support that Tuolumne County Jail knew of, and blatantly ignored, the alleged violations committed by its employees. Therefore, Plaintiff has failed to state a cognizable claim against the Tuolumne County Jail.

**D. Eighth and Fourteenth Amendments - Medical Care**

It is unclear whether Plaintiff was a pretrial detainee or convicted prisoner during the

relevant time period. To the extent that Plaintiff was a pretrial detainee during the relevant time period, his claims concerning his medical care arise under the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979) (noting that "the Due Process Clause rather than the Eighth Amendment" is relied on in considering claims of pretrial detainees because "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions"); Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473 (2015) ("We have said that the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." (internal quotation marks omitted)).

The Ninth Circuit has held that "the proper standard of review" for claims of inadequate medical care for pretrial detainees is "objective indifference." Gordon v. Cty. of Orange, 888 F.3d 1118, 1120, 1124–25 (9th Cir. 2018) (extending the "objective deliberate indifference standard" articulated in Castro to inadequate medical care); see also Horton v. City of Santa Maria, 915 F.3d 592, 602 (9th Cir. 2019) (noting that Gordon "recognized that Castro's objective deliberate indifference standard extends to Fourteenth Amendment claims by pretrial detainees for violations of the right to adequate medical care").

Accordingly, in order to state a claim against any defendant for denial of medical care while a pretrial detainee, plaintiff must allege that the defendant: (1) "made an intentional decision with respect to the conditions under which the plaintiff was confined"; (2) the "conditions put the plaintiff at substantial risk of suffering serious harm"; (3) the "defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious"; and (4) "by not taking such measures, the defendant caused the plaintiff's injuries." Gordon, 888 F.3d at 1125.

Plaintiff alleges that Dr. B prescribed medications which caused prolonged erections. Plaintiff alleges he had multiple prolonged erections but there is no allegation that Dr. B. "did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the

consequences of the defendant's conduct obvious" or that "by not taking such measures, the defendant caused the plaintiff's injuries." Plaintiff does not allege Dr. B knew of the side effects to Plaintiff and failed to take reasonable measures to able that risk.

As to Dr. Sun, assuming he is the doctor who Plaintiff saw Plaintiff at the jail before surgery, Plaintiff fails to state a cognizable claims. When Plaintiff complained about the erection, this doctor did tests on Plaintiff's prostrate, to rule out prostrate medical issue. Plaintiff does not allege this conduct was objectively unreasonable. The defendant's conduct must be objectively unreasonable, a test that will necessarily "turn[ ] on the facts and circumstances of each particular case." Gordon, 888 F.3d at 1125 (quoting Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016).) " '[M]ere lack of due care by a state official' does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." Gordon, 888 F.3d at 1125. Therefore, the plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." Id.

There is nothing to suggest that any individual defendant made an intentional decision that put Plaintiff at substantial risk for suffering any harm. In an amended complaint, in order to state a cognizable medical deliberate indifference claim, plaintiff must specifically and plausibly "link" these legal standards with the challenged conduct of each defendant.

**E.  Doe Defendants**

Plaintiff is informed if he does not know the name of Defendant "Dr. B," he may name the defendant as John Doe. But, the use of John Does in pleading practice is generally disfavored. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999); Lopes v. Viera, 543 F.Supp.2d 1149, 1152 (E.D. Cal. 2008). Plaintiff is hereby advised that the court cannot order service of a Doe defendant because the United States Marshal cannot serve a Doe defendant. Plaintiff will be required to identify him or her with enough information to locate the defendant for service of process. For service to be successful, the Marshal must be able to identify and locate defendants. Once the identify of a Doe defendant is ascertained, plaintiff must file a motion to amend his complaint only to identify the identified Doe defendant so that service by the United States Marshal can be attempted

7

**F. State Law Claims**

Plaintiff appears to allege a state law tort claim for medical malpractice. Under 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," except as provided in subsections (b) and (c). The Supreme Court has stated that "if the federal claims are dismissed before trial, ...the state claims should be dismissed as well." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).

Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367. As Plaintiff has not stated a cognizable claim for relief under federal law, it is recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

Further, the Government Claims Act requires exhaustion of Plaintiff's state law tort claims with the California Victim Compensation and Government Claims Board, and Plaintiff is required to specifically allege compliance in his complaint. Shirk v. Vista Unified Sch. Dist., 42 Cal. 4th 201, 208–09 (Cal. 2007); State v. Superior Court of Kings Cty. (Bodde), 32 Cal. 4th 1234, 1239 (Cal. 2004); Mabe v. San Bernardino Cty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995); Karim– Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988). Plaintiff has failed to allege compliance with the Government Claims Act.

**IV.   Motion for Copies**

Plaintiff has requested a copy of his complaint because the jail will not make copies.

Plaintiff's complaint is 11 pages.  In light of the relatively minimal expense involved and to avoid undue delay in this litigation, the Court will make a **one-time** exception here and grant Plaintiff's request. Plaintiff is warned that although the Court has granted leave for him to proceed in forma pauperis, this generally does not entitle him to free copies of documents from the Court.  E.g., Hullom v. Kent, 262 F.2d 862, 863 (6th Cir. 1959).  The Clerk charges $.50 per page for copies of documents.  See 28 U.S.C. § 1914(b).  In the future, copies of up to twenty

8

pages may be made by the Clerk's Office at this Court upon written request, prepayment of the copy fees, and submission of a large, self-addressed stamped envelope. Plaintiff is also advised that he may make a handwritten copy of a document he submits to court for his own records.

### V.     Conclusion and Order

For the reasons stated, Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim for relief. As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure the above-identified deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.     Plaintiff's motion for a copy of his complaint is GRANTED. The Clerk of the Court is directed to send one copy of the complaint, filed on September 14, 2020, to Plaintiff;

2.     The Clerk's Office shall send Plaintiff a blank complaint form;

3.     Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order or file a notice of voluntary dismissal; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated:   **October 7, 2020**          /s/ Barbara A. McAuliffe          
                                                    UNITED STATES MAGISTRATE JUDGE