# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH CLARENCE EASTMAN,<br><br>Plaintiff,<br><br>v.<br><br>TUOLUMNE COUNTY JAIL, *et al.*,<br><br>Defendants. | Case No. 1:20-cv-01303-NONE-BAM (PC)<br><br>ORDER GRANTING MOTION TO AMEND COMPLAINT<br>(ECF No. 15)<br><br>ORDER DIRECTING CLERK OF COURT TO FILE SECOND AMENDED COMPLAINT<br>(ECF No. 16)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br>(ECF No. 15) |

Plaintiff Joseph Clarence Eastman ("Plaintiff") is a county jail inmate proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On December 7, 2020, Plaintiff was granted thirty days to file a first amended complaint. (ECF No. 13.) Plaintiff's first amended complaint was filed on December 7, 2020. (ECF No. 14.) Plaintiff's first amended complaint has not yet been screened. On January 5, 2021, a second amended complaint was lodged. (ECF No. 16.)

Currently before the Court is Plaintiff's motion to amend the complaint and motion to appoint counsel, filed January 6, 2021. (ECF No. 15.) In his motion, Plaintiff requests that the Court disregard the first amended complaint, as he is sending a new one that will arrive before the

1

new deadline.  Plaintiff further asks if there is a motion to be represented by a pro bono attorney in this matter.  Plaintiff requests that the Court assign him a public defender or attorney, as the jail will not allow him to call most attorneys or give out numbers to contact them.  (Id.)

**I.      Motion to Amend**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  "Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires." AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (citation and quotation omitted).  However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile."  Id.

In considering the relevant factors, the Court finds no evidence of prejudice, bad faith, undue delay in litigation, or futility.  Plaintiff's first amended complaint has not yet been screened and no defendants have been served or have appeared in this action.  In addition, the second amended complaint was lodged before the deadline for Plaintiff to file his first amended complaint.  Accordingly, Plaintiff's motion to amend shall be granted.  The second amended complaint will be screened in due course.

**II.     Motion to Appoint Counsel**

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether

"exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed by prisoners who are proceeding *pro se* almost daily. Many of these prisoners also have limited ability to contact attorneys for assistance. These litigants also must conduct legal research and litigate their cases without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Plaintiff's complaint has not yet been screened to determine whether it states cognizable claims upon which it may proceed, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

**III.   Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend, (ECF No. 15), is GRANTED;
2. The Clerk of the Court is directed to file the second amended complaint lodged on January 5, 2021, (ECF No. 16), as the operative complaint in this action;
3. Plaintiff's motion to appoint counsel, (ECF No. 15), is DENIED; and
4. The second amended complaint will be screened in due course.

IT IS SO ORDERED.

Dated:   **January 11, 2021**            /s/ *Barbara A. McAuliffe*            
                                                          UNITED STATES MAGISTRATE JUDGE

3