# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH CLARENCE EASTMAN,<br><br>Plaintiff,<br><br>v.<br><br>TUOLUMNE COUNTY JAIL, et al.,<br><br>Defendants. | Case No. 1:20-cv-1303-NONE-BAM (PC)<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM**<br><br>(ECF No. 18)<br><br>**FOURTEEN DAY DEADLINE** |

Plaintiff Joseph Clarence Eastman ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. The Court screened Plaintiff's complaint, filed on September 14, 2020, and granted leave to amend. (ECF No. 1.) On November 19, 2020, Plaintiff filed a notice regarding his amended complaint, which was entered on the Court's docket on November 20, 2020. (ECF No. 11.) In that notice, Plaintiff stated that he filed his first amended complaint on October 29, 2020, which was before the deadline set by the Court. Plaintiff states that the jail staff and mailroom did not put enough postage on the envelope, and it was sent back to Plaintiff on November 14, 2020. Before Plaintiff's notice was entered on the docket, the Court issued findings and recommendations to dismiss this action on November 20, 2020. While the findings and recommendations were pending, the Court received Plaintiff first

amended complaint. (Doc. 14.) And in response to the Court's order, Plaintiff lodged a second amended complaint. (Doc. 16.) The Court considered Plaintiff's objections to the findings and recommendations to dismiss this action, vacated the findings and recommendations, and ordered the lodged second amended complaint to be filed. (ECF No. 17.) The second amended complaint, filed on January 11, 2021, is currently before the court for screening. (ECF No. 18.)

## I.   Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.   Plaintiff's Allegations

Plaintiff is currently housed at the North Kern State Prison in Delano, California. The events in this action took place at the Tuolumne County Jail in Sonora. Plaintiff names the following defendants: (1) Tuolumne County; (2) Tuolumne County Sheriff Bill Pooley; (3)

Tuolumne County Jail, Lt. McCaig; (4) Tuolumne County Jail Acting, Lt. Mr. Ransom; (5) Sgt on Duty, S. Seabring; (6) Deputy Oliver, transport; (7) Deputy Avila, transport; (8) Dr. Son, Wellpath medical doctor; (9) Dr. Boora, Wellpath psychiatric doctor; (10) LVN Higginbothum, Wellpath LVN; (11) Debbie Anderson, Wellpath RN; (12) Wellpath HealthCare, Sonora, Ca; (13) Deputy Smylie; (14) Deputy McAndrews; (15) Deputy Ryan; (16) Tuolumne County Sheriff Department, (17) City of Sonora.  Defendant are named "officially and individually."[1]

In May 2020, while Plaintiff was in Tuolumne County Jail, Plaintiff requested to see a psych doctor for his PTSD, anxiety, "night terrors," and depression.  He was prescribed "Prazosin" to assist with night terrors  A few weeks later, Plaintiff started to get prolonged erections of more than 7-12 hours.  Plaintiff put in requests to see the nurse and doctor.  Dr. Son only comes in on Sundays.  But every time he was seen, he was not erect.  On June 23, 2020, at 300 hours, Plaintiff had another erection and was extremely painful.  The morning nurse, Deborah Anderson, come to dispense medication, and Plaintiff told her he needed to see her.  She gave him a request form which Plaintiff filled out.  But instead of turning it in at 8 pm med call, Plaintiff told Deputy Davis "I need to be seen ASAP" and he told the nurse, and escorted Plaintiff to the nurse immediately.  Plaintiff told the nurse of his issue.  She examined him and that his erection was turning a blueish color.  Nurse Anderson said Plaintiff has to go to the emergency room.  She informed the deputy to transport Plaintiff as she phoned control and Sgt S. Seabring, the watch commander Tammy McCaig, Lt Ransom about transporting Plaintiff ASAP.

The 3 pm shift changed nurses to Christine Higginbotham (LVN).  Nurse Higginbotham and Deputy Smylie told Plaintiff that he had to stay in a holding cell to make sure he was not touching himself to stay erect.  The willful disregard caused Plaintiff to be in pain for an hour and a half.  Plaintiff had to endure a urine test after 30 more minutes.  Plaintiff was transported by Deputy Oliver to Adventist Health Sonora, Ca to be further examined.

---

[1] Plaintiff has impermissibly expanded the scope of the amended complaint.  Plaintiff was informed in the court's prior screening order, that Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  Yet, in the second amended complaint, Plaintiff has added over 10 additional defendants without identifying what these defendants did or did not do which violated Plaintiff's rights.

The staff at the hospital was helpful.  They performed a routine to extract the blood with a syringe and failed.  The only other option was to surgically remove the blood vial debridement and repair by a specialist.  The nearest hospital that would accept Plaintiff was San Jose Regional Medical Center.  Plaintiff had to wait for an available ambulance to transport him due to the IV and EKG machine.  Around 300 hours on June 24, 2020, Deputy Avila joined Deputy Oliver with transportation. Three hours later, Plaintiff arrived at the ER at San Jose Regional Medical Center.  Plaintiff was seen by Dr. James Hwong, MD who told Plaintiff about the procedure he will do and told Plaintiff "you will not naturally get an erection ever again."  That was due to tissue in the penis being damaged permanently.  An erection longer than 6 hours will damage the tissue.  Plaintiff was erect for 53 hours when he went into surgery.

After being in recovery, Plaintiff was transported back to Tuolumne County Jail by Deputy Smylie and McAndrews.  At 1930 hours, Plaintiff was taken to Adventist Health Sonora by Deputy Ryan.  At Adventist Health, they replaced the sutures on Plaintiff's wound.  Plaintiff now has permanent scars on his penis, which will never naturally erect due to the wanton breach of duty of care by Dr. Son, Dr. Boora and all of the other deputies silently involved with the willful neglect of Plaintiff's medical care.

Plaintiff seeks compensatory and loss of enjoyment of life damages and saline pump surgery.

**III.    Discussion**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim under 42 U.S.C. § 1983.  In the prior screening order, the Court provided the pleading and legal standards that appeared relevant to his claims, yet Plaintiff has been unable to cure the deficiencies.  While Plaintiff alleges a serious injury, his allegations, through multiple iterations of complaints, fail to show that the injury arose from constitutional violations by any of the named defendants.

**A.  Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed

4

factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

Although Plaintiff's complaint is short, it is not a plain statement of his claims. As a basic matter, while the complaint states what happened and when it happened, it does not state who was involved. Plaintiff's facts allege what happened with his medical condition.  However, it is unclear who did what in the complaint which lead to a violation of his constitutional rights. Merely listing a defendant does not provide notice to that defendant of the alleged wrongful conduct.  Despite being provided the legal and pleading standards, Plaintiff has been unable to cure this deficiency.

**B. Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ...subjects, or causes to be subjected, any citizen of the United States...to the deprivation of any rights, privileges, or immunities secured by the Constitution...shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's complaint fails to adequately link the defendants to alleged constitutional violation. Plaintiff fails to allege what each named defendant did or did not do that violated his

constitutional rights.  Plaintiff names seventeen different defendants and does not link the conduct of defendants Pooley, McCaig, and Ransom to the harm plaintiff allegedly suffered.  In addition, while Plaintiff lists the names of other defendants in the factual allegations, he does not allege what conduct they engaged in which allegedly violated his constitutional rights. For instance, Plaintiff alleges two defendants were transportation officers, Avila and Smylie, yet there are no allegations of what Plaintiff contends they did which violated his constitutional rights.  Plaintiff alleges that Defendant Sgt. Seabring, watch commander McCaig, and Lt. Ransom were contacted about transporting Plaintiff to the emergency room, but does not include allegations of what these defendants did which violated Plaintiff's constitutional rights.  Plaintiff was previously informed that for each defendant he must list the individuals as defendants and include allegations of how each person violated Plaintiff's constitutional rights.  Plaintiff has been unable to cure this deficiency.

### C. Tuolumne County, Tuolumne County Sheriff's Department, City of Sonora

Defendant names Tuolumne County, Tuolumne County Sheriff's Department, and the City of Sonora as defendants.

Under section 1983 a local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. Monell v. Department of Social Services, 436 U.S. 658, 691 (1978). Rather, a local government unit may only be held liable if it inflicts the injury complained of through a policy or custom. Waggy v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir. 2010).

To state a claim, "[i]t is not sufficient for a plaintiff to identify a custom or policy, attributable to the municipality, that caused his injury. A plaintiff must also demonstrate that the custom or policy was adhered to with 'deliberate indifference' " to his constitutional rights. Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1076 (9th Cir. 2016), cert. denied sub nom., Los Angeles Cty., Cal. v. Castro, 137 S. Ct. 831 (2017). The deliberate indifference standard is satisfied where a plaintiff alleges facts available to the municipality's policymakers that "put them on actual or constructive notice that the particular omission is substantially certain to result in the violation of the constitutional rights of their citizens." Castro, 833 F.3d at 1076.

Here, Plaintiff has not linked any alleged violation of his rights to a policy or practice attributable to the Tuolumne County Jail, Tuolumne County Sheriff's Department, or the City of Sonora nor has he provided facts to support that Tuolumne County Jail, Tuolumne County Sheriff's Department, and the City of Sonora knew of, and blatantly ignored, the alleged violations committed by its employees. Therefore, Plaintiff has failed to state a cognizable claim against these defendants.

### D. Eighth and Fourteenth Amendments - Medical Care

It is unclear whether Plaintiff was a pretrial detainee or convicted prisoner during the relevant time period. To the extent that Plaintiff was a pretrial detainee during the relevant time period, his claims concerning his medical care arise under the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979) (noting that "the Due Process Clause rather than the Eighth Amendment" is relied on in considering claims of pretrial detainees because "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions"); Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473 (2015) ("We have said that the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." (internal quotation marks omitted)).

The Ninth Circuit has held that "the proper standard of review" for claims of inadequate medical care for pretrial detainees is "objective indifference." Gordon v. Cty. of Orange, 888 F.3d 1118, 1120, 1124–25 (9th Cir. 2018) (extending the "objective deliberate indifference standard" articulated in Castro to inadequate medical care); see also Horton v. City of Santa Maria, 915 F.3d 592, 602 (9th Cir. 2019) (noting that Gordon "recognized that Castro's objective deliberate indifference standard extends to Fourteenth Amendment claims by pretrial detainees for violations of the right to adequate medical care").

Accordingly, in order to state a claim against any defendant for denial of medical care while a pretrial detainee, plaintiff must allege that the defendant: (1) "made an intentional decision with respect to the conditions under which the plaintiff was confined"; (2) the "conditions put the plaintiff at substantial risk of suffering serious harm"; (3) the "defendant did

not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious"; and (4) "by not taking such measures, the defendant caused the plaintiff's injuries." Gordon, 888 F.3d at 1125.

### Dr. Son and Dr. Boora

Plaintiff alleges that he was prescribed medications, but does not say who prescribed the medications. Liberally construing the allegations, Plaintiff alleges that the medication caused prolonged erections. Plaintiff does not allege that Dr. Son or Dr. Boora knew of the erections, that Plaintiff so informed them, or what either doctor did in response. There are no allegations that Dr. Son or Dr. Boora "did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious" or that "by not taking such measures, the defendant caused the plaintiff's injuries." Plaintiff does not allege Dr. Son or Dr. Boora knew of the side effects to Plaintiff and failed to take reasonable measures to available to abate that risk. The defendants' conduct must be objectively unreasonable, a test that will necessarily "turn[ ] on the facts and circumstances of each particular case." Gordon, 888 F.3d at 1125 (quoting Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016).) " '[M]ere lack of due care by a state official' does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." Gordon, 888 F.3d at 1125. Therefore, the plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." Id. Plaintiff has not included factual allegations as to each defendant and therefore, fails to state a cognizable claim.

### Defendant LVN Higgenbothum and RN Anderson

Plaintiff fails to state a cognizable claims against Defendant Anderson. When Defendant Anderson came to dispense medication, Plaintiff told her he needed to see her, and she gave him a medical request form. There are no allegations that Defendant Anderson knew that Plaintiff had the prolonged erections and failed to act. Indeed, she gave him the medical form to be seen for medical services. Later, when Plaintiff was brought to medical, Defendant Anderson examined

8

him and authorized Plaintiff to be taken to the emergency room ASAP.  Defendant took reasonable measures to abate the medical condition by referring him to the emergency room.  Plaintiff does not allege there was anything further or different she should or could have done.

Plaintiff fails to state a cognizable claims against Defendant Higginbothum.  Plaintiff alleges that at shift change, LVN Higginbothum and Defendant Smylie told Plaintiff he had to stay in a holding cell to ensure he was not touching himself and was in the cell for an hour and a half in pain.  There are no allegations that Plaintiff informed Higgenbothum or Smylie that he was in pain and that Higginbothum and Smylie did not take reasonable available measures to abate that condition.  Plaintiff does not allege that it was within Higginbothum's or Smylie's control to remove Plaintiff from the holding cell to be transported.

<u>Transportation command Seabring, McCaig, Ransom</u>

Plaintiff alleges that after examining Plaintiff, Nurse Anderson phoned Defendant Sgt. Seabring, watch commander McCaig, and Lt. Ransom about transporting Plaintiff to the emergency room.  Plaintiff was taken to the emergency room.  Plaintiff fails to allege any further allegations of what these Defendants did or did not do which violated Plaintiff's constitutional rights.  Therefore, Plaintiff has failed to state a cognizable claim against these defendants.

<u>Transportation officers Oliver, Avila, Smylie, McAndrews, Ryan</u>

Officers Oliver, Avila, Smylie, McAndrews, and Ryan all, at one point or another, transported Plaintiff to a medical facility for treatment.  Plaintiff does not allege, as to any Defendant, what that Defendant did or did not do which violated Plaintiff's rights.  For instance, Plaintiff alleges that Deputy Avila and Deputy Oliver transported Plaintiff to San Jose Regional Medical Center, and Plaintiff had to wait for an available ambulance due to the IV and EKG machines.  Plaintiff alleges that Plaintiff was taken to Adventist Health Sonora by Deputy Ryan after he was transported back to Tuolumne County Jail by Defendants Smylie and McAndrews.  Plaintiff merely alleges that all of the other deputies were "silently involved" with the neglect of Plaintiff's medical care. Plaintiff fails to state a cognizable claim against any of the transportation officers.

///

Wellpath Healthcare

Plaintiff has named Wellpath Healthcare for alleged constitutional violations. A private defendant can be liable under § 1983 for actions under color of state law. West v. Atkins, 487 U.S. 42, 54 (1988). In West, the Supreme Court held "a physician employed by [a state] to provide medical services to state prison inmates[ ] acted under color of state law for purposes of § 1983" when he treated an inmates' injuries. Id. The Ninth Circuit has extended that rule to private entities "under contract" with a state "to provide medical services." Lopez v. Department of Health Services, 939 F.2d 881, 883 (9th Cir. 1991) (per curiam).

However, Plaintiff has not alleged any factual allegations of wrongdoing by Wellpath Healthcare. Plaintiff merely lists Wellpath Healthcare as a defendant. Plaintiff has been unable to allege constitutional violations by the purported employees of Wellpath, Anderson and Higginbothum. See *infra.* Therefore, as there are no allegations that Wellpath engaged in conduct violative of Plaintiff's constitutional rights, Plaintiff fails to state a cognizable claim.

**E. Supervisor Liability**

Plaintiff maybe attempting to impose liability against Defendant Sheriff Pooley, based on his role as supervisor, which Plaintiff may not do. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676−77, 129 S.Ct. 1937; Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1020−21 (9th Cir. 2010); Ewing v. Cty. of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205−06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009).

Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. Cty, of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1970). To prove

liability for an action or policy, the plaintiff "must...demonstrate that his deprivation resulted from an official policy or custom established by a...policymaker possessed with final authority to establish that policy." Waggy v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir.2010). A supervisor may be held liable if he implements a "policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal quotation marks and citation omitted). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff has failed to allege any factual allegations that Sheriff Pooley directly engaged in any alleged wrongful conduct or implemented a constitutionally defective policy.

### F. State Law Claims

Plaintiff appears to allege a state law tort claims for "neglect." Under 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," except as provided in subsections (b) and (c). The Supreme Court has stated that "if the federal claims are dismissed before trial, ...the state claims should be dismissed as well." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).

Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367. As Plaintiff has not stated a cognizable claim for relief under federal law, it is recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

### IV.   Conclusion and Order

Based on the above, IT IS HEREBY RECOMMENDED THAT this action be dismissed, without prejudice, based on Plaintiff's failure to comply with Federal Rule of Civil Procedure 8

and failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 12, 2021**            /s/ Barbara A. McAuliffe           _
                                           UNITED STATES MAGISTRATE JUDGE