UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH CLARENCE EASTMAN,<br><br>Plaintiff,<br><br>v.<br><br>TUOLUMNE COUNTY JAIL, *et al.*,<br><br>Defendants. | No. 1:20-cv-01303-DAD-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR RECONSIDERATION AND FOR COPIES OF COMPLAINTS HE HAS FILED<br><br>(Doc. No. 28) |

Plaintiff Joseph Clarence Eastman is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On February 12, 2021, the assigned magistrate judge screened plaintiff's second amended complaint and issued findings and recommendations recommending that this action be dismissed due to plaintiff's failure to comply with Federal Rule of Civil Procedure 8 and failure to state a cognizable claim upon which relief may be granted. (Doc. No. 22.) Plaintiff filed untimely objections on March 18, 2021, requesting that he be allowed to proceed on his first amended complaint that was not screened, rather than the second amended complaint that was screened by the magistrate judge. (Doc. No. 23.)

On April 9, 2021, finding plaintiff's request unwarranted in part because the first amended and second amended complaints shared the same defects, the undersigned dismissed this action due to plaintiff's failure to comply with Federal Rule of Civil Procedure 8 and failure to state a

1

cognizable claim upon which relief may be granted. (Doc. No. 26.) Judgment was entered the same date. (Doc. No. 27.)

Currently before the court is plaintiff's motion requesting the status of the case, another chance to state a claim, and copies of all complaints he has submitted to the court, filed May 25, 2021. (Doc. No. 28.) Plaintiff appears to be requesting again that the court accept his first amended complaint that he filed prior to his second amended complaint. He also requests that the court send him a copy of the "granted complaint" and two copies of appeal forms and instructions. (*Id.*) The court construes plaintiff's filing as a motion for reconsideration.

First, the status of this action is as described above. In short, this action is closed because judgment was entered on April 9, 2021. (Doc. Nos. 26, 27.) As to plaintiff's request for copies of his complaint, plaintiff is informed that the Clerk of the Court does not ordinarily provide free copies of case documents to parties, and plaintiff is responsible for maintaining his own records with respect to this proceeding. Further, even though plaintiff proceeded *in forma pauperis* in this action, that status does not entitle him to free copies of documents from the court. *See Hullom v. Kent*, 262 F.2d 862, 863 (6th Cir. 1959.) The Clerk of the Court charges $0.50 per page for copies of documents. *See* 28 U.S.C. § 1914(b). Copies of up to twenty pages may be made by the Clerk's Office of this court upon written request, prepayment of the copy fees, and submission of a large, self-addressed stamped envelope. Finally, plaintiff is informed that no particular form is required to file an appeal, and plaintiff may refer to Federal Rules of Appellate Procedure 3 and 4 for further information in that regard.

As to plaintiff's request for reconsideration, Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on the grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect . . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Additionally, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j). Plaintiff has not met that burden.

The court finds no good cause to grant plaintiff's motion for reconsideration or to reopen this action. Accordingly, plaintiff's motion for reconsideration, (Doc. No. 28), is denied. This action remains closed.

IT IS SO ORDERED.

Dated: **June 1, 2021**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE